(No. 3714— )

MARVIN PORGES AND LAWRENCE SULAK, A MINOR BY SAM SULAK, HIS FATHER AND NEXT FRIEND, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

MAURICE A. FRANK, for claimants.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

On May 7, 1942, Marvin Porges, and Lawrence Sulak, a minor, by his father and next friend, filed their claim in this court seeking an award of $600.00 and $400.00 respectively.

The claim is based on the following allegations contained in said complaint.

On the 16th day of October, A. D. 1940 while the plaintiffs were standing on the sidewalk in Chicago, Illinois, at the regular stopping place provided by the Chicago Motor Coach Company for pedestrians waiting to board north bound buses, both of the plaintiffs were struck violently by the open swinging back door of a careening and speeding automobile driven by one Hale O. Reilly, an inmate of the Illinois State Penitentiary, in Joliet, Illinois, who it is claimed was acting as the chauffeur, servant, and agent of Joseph E. Ragen, who at that time was the acting warden of said penitentiary. They

further say that in the course of such agency the said Hale O. Reilly negligently and carelessly failed to close the rear door of the aforesaid automobile, and that he negligently and carelessly careened and swung said automobile from the center of the boulevard to the curb; such negligence and carelessness being the direct and proximate cause of the striking of the plaintiffs herein, and of the resultant injuries which were sustained by each.

Plaintiff, Marvin Porges, alleges that he sustained the following injuries.

1. Shock.
2. Traumatic injury to cervical vertebrae especially at base of neck.
3. Wrenched right shoulder.
4. Traumatic injury left shoulder.
5. Torn ligaments and numerous abrasions on right knee.
6. Twisted right hip with injury to ligaments.
7. Numerous abrasions.

Plaintiff, Lawrence Sulak, claims to have sustained the following injuries:

1. Marked injury with swelling.
2. Discoloration and tenderness around the left elbow.
3. Arm was kept in a right angle sling for six (6) weeks and short wave diathermy treatments were applied.

Both of the plaintiffs say they were incapacitated and prevented from going about their regular and usual duties as the result of the injuries thus sustained, and incurred considerable expense in endeavoring to be cured. Each filed a bill of particulars showing the various items. That of Lawrence Sulak including doctors bills, medical, etc., and loss of time $400.00, and that of Marvin Porges, for doctor bills, medicines, etc., loss of time, and pain and suffering $850.00.

The Attorney General has filed a motion to dismiss the complaint for the reason that same is predicated on an alleged liability of respondent for the negligent and wrongful acts of its officers, agents, or employees.

This court has been frequently called upon to pass upon claims based upon such allegations.

In *Kelly* vs. *State*, 9 C. C. R. 339, the court in denying an award, said:

"The motion is based upon the ground that no legal liability can be laid at respondent's door for the negligent and careless action of its employee. The general rule is well established that the doctrine of respondeat superior does not apply to the State in the exercise of its governmental functions."

*Minear* vs. *State Board of Agriculture*, 259 Illinois, 549.

*Hollinbeck* vs. *County of Winnebago*, 95 Illinois, 148.

and further:

"In the absence of a statute making the State liable for damages caused by the negligence of its employees in the performance of their duties this court has no authority to legally make an award in the present case. We recognize the meritorious nature of the claim. Two people have been seriously injured through the negligence of the employee in question. By his action he has brought suffering and expense to the injured parties and has reflected discredit upon the good name of his employer, the State of Illinois. * * * Respondent's motion to dismiss is granted and the claim is hereby dismissed.

The Court of Claims has jurisdiction to recommend an award only where the State would be liable in law and in equity in a court of general jurisdiction if it were suable.

Crabtree vs. State, 7 C. C. R., 207.

There being no statute in force in this State under which the present claim could be allowed the motion of the Attorney General is granted and the claim is hereby dismissed.